Chief Justice Robertson,
delivered the opinion of the court.
Philips, as agent for Hunt, of New Jersey, covenanted to convey to Oliver, a tract of land, in consideration whereof, Oliver executed his promissory note to Philips for $100. To injoin a judgment obtained on the note, by the administrator of Philips, Oliver filed a bill in chancery, alleging that, by the contract, the title was to have been made before the money was to be collectible, and that no title had been made, and he feared that none would ever be made; therefore, a perpetual injunction was asked for. The answers did not expressly admit or deny the allegations of the bill.
On the hearing, the circuit court perpetuated the injunction, and this writ of error is prosecuted to reverse that decree.
The decree is erroneous. The bill contains neither allegation nor prayer, that would justify a perpetuation of the injunction. The bill does not seek a rescisión of the contract, nor a specific execution of it; nor does it allege a defect of title, or require an exhibition of title, or suggest any difficulty in pursuing a legal remedy on the covenant for a title. It does not, therefore, show a failure of consideration, nor justify the decree. Philips was personally bound, by his contract, to make the title. The alleged non-residence of Hunt could not, therefore, have any effect on the equity of the case.
Decree reversed and cause remanded, with instructions to dissolve the injunction and dismiss the bill without prejudice.